■ In the Matter of EDWARD MARTY, Petitioner, v LEE P. BROWN, as Police Commissioner of the City of New York, et al., Respondents.—Determination of the respondent Police Commissioner, dated August 9, 1990, which found petitioner guilty of two disciplinary specifications and imposed a penalty of forfeiture of 10 vacation days, is unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Helen Freedman, J.], entered on or about April 26, 1991), is dismissed, without costs and without disbursements.

Viewing the record as a whole, which raised issues of credibility and included petitioner's admission that he grabbed the female officer's arm at the precinct and later blocked her car and took her keys out of the ignition, respondent's determination is supported by substantial evidence *(see, Matter of Berenhaus v Ward,* 70 NY2d 436, 443). Concur—Murphy, P. J., Sullivan, Rosenberger, Wallach and Rubin, JJ.

■ ZINNIA CORPORATION, Appellant, v CASTLE VILLAGE OWNERS CORPORATION et al., Respondents.—Judgment, Supreme Court, New York County (Irma Vidal Santaella, J.), entered December 14, 1990, which, after a nonjury trial, dismissed the complaint, unanimously affirmed, with costs.

Plaintiff has failed to demonstrate that enforcement of the covenants, which, *inter alia,* restrict the use of its property to the erection of a single-family dwelling, has rendered the property valueless, or that the burden should otherwise be lifted. Further, as there do not appear to have *ever* been any single-family dwellings in the immediate neighborhood (at least since the first restrictive covenant was created), it does not appear that there are "changed conditions" within the meaning of RPAPL 1951 (1) warranting judgment in plaintiff's favor. We have considered the remaining arguments and find them to be without merit. Concur—Murphy, P. J., Sullivan, Rosenberger, Wallach and Rubin, JJ.